```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CENTIER BANK,                      )
                                   )
              Plaintiff            )
                                   )
         v.                        )
                                   )
TRAVIS E. HUBER, JENNIFER L.       )
HUBER, UNITED STATES SMALL         )
BUSINESS ADMINISTRATION, Agent     )
of Regional Development Company   )
HUBER AUTOMOTIVE GROUP, LLC,       )
                                   )
              Defendants           )
******************************)
UNITED STATES SMALL BUSINESS       )
ADMINISTRATION,                    )
                                   )
              Cross Claimant       )
                                   )
         v.                        )    CASE No. 2:09 cv 426
                                   )
TRAVIS E. HUBER, JENNIFER L.       )
HUBER, HUBER AUTOMOTIVE GROUP      )
LLC,                               )
                                   )
              Cross Defendants)
******************************)
UNITED STATES SMALL BUSINESS       )
ADMINSTRATION,                     )
                                   )
              Counter Claimant     )
                                   )
         v.                        )
                                   )
CENTIER BANK,                      )
                                   )
              Counter Defendant    )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 14] filed by the plaintiff/counter defendant Centier Bank, on May 26, 2010, and the Motion for Summary Judgment [DE 22] filed by the cross claimant/counter claimant United States Small Business Administration, on June 24, 2010. Based on the following, Centier Bank's Motion for Summary Judgment [DE 14] is GRANTED, and United States Small Business Administration's Motion for Summary Judgment [DE 22] is GRANTED.

## Background

On September 29, 2006, the defendants, Travis E. Huber and Jennifer L. Huber, executed and delivered a Promissory Note to Centier Bank in consideration for a loan in the amount of $250,000. The defendants promised to repay Centier Bank the said amount plus interest. As security for the Note, the defendants mortgaged and conveyed a parcel of real property described as: Lot 2 in Portage Minor Sub 822-D-1, as per plat, thereof, recorded in Plat File 41-B-2, in the Office of the Recorder of Porter County, Indiana, EXCEPTING THEREFROM that part of said Lot 2 lying within the following described tract. The mortgage was recorded on October 6, 2006, with the Recorder of Porter County, Indiana. As additional security for the Note, the defendant, Huber Automotive Group, LLC, executed a Guaranty, rendering it

unconditionally liable for the total indebtedness owed on the Note.

That same day, Travis and Jennifer Huber executed and delivered a Promissory Note in the sum of $207,000 to Regional Development Company. To secure the Note, Huber Automotive Group, LLC executed and delivered an unconditional Guaranty Agreement to Regional Development Center. Regional Development Company assigned the Note and Guaranty to the United States Small Business Association (SBA).

On December 15, 2006, Travis and Jennifer Huber executed and delivered a second Promissory Note to Centier Bank in consideration for the receipt of a loan in the amount of $187,500 plus interest. The defendants mortgaged and conveyed a parcel of real property described as: Lot 1 in Portage Minor Sub 822-D-1, as per plat thereof, recorded in Plat File 41-B-2, in the Office of the Recorder of Porter County, Indiana, EXCEPTING THEREFROM that part of said Lot 2 lying within the following described tract. The mortgage was recorded on December 22, 2006, with the Recorder of Porter County, Indiana. Huber Automotive Group, LLC, also executed a Guaranty, making it unconditionally liable for the total indebtedness owed pursuant to the terms of the Note.

On May 30, 2007, Travis and Jennifer Huber executed and delivered to Regional Development Company a promissory note in

the principal sum of $156,000.  Huber Automotive Group, LLC executed and delivered an unconditional Guaranty to Regional Development Company.  Regional Development Company assigned the Note and Guaranty to SBA.

Travis and Jennifer Huber defaulted on the notes to Centier Bank and SBA.  Centier Bank and SBA now move for summary judgment to recover the principal and interest due on the notes, and other incidental expenses.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786.  A fact is material if it is outcome determinative under applicable law.  There must be evidence on which the jury could reasonably find for the nonmoving party.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. Ashman v. Barrows, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. Wheeler, 539 F.3d at 634 (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

5

Anderson, 477 U.S. at 250, 106 S.Ct. at 2511
See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2553; Stephens, 569 F.3d at 786; Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the non-moving party).

Centier Bank and SBA both move for summary judgment to recover the amounts due on the Notes executed by Travis and Jennifer Huber and the Guaranties executed by Huber Automotive Group, LLC. Travis and Jennifer Huber and Huber Automotive Group, LLC have not responded to Centier Bank's or SBA's motion for summary judgment. Because their time to respond has expired, the court will decide the case on the facts presented.

Centier Bank and SBA submitted the respective Promissory Notes, Mortgages, and Guaranties to establish the liability of Travis Huber, Jennifer Huber, and Huber Auto Group, LLC. Travis Huber, Jennifer Huber, and Huber Auto Group, LLC admitted to

6

executing the Notes and Guaranties in their Answer. SBA acknowledges that Centier Bank holds a superior interest in the real estate that Centier Bank seeks to foreclose on. In light of this, Centier Bank is GRANTED a judgment jointly and severally against the defendants, Travis E. Huber, Jennifer L. Huber and Huber Automotive Group, LLC, in the amount of $950,695.85, which is comprised of the outstanding principal balance and accrued interest of $464,869.87, late charges as of May 19, 2010, of $459,330.87, attorney's fees of $5,000.00, title report charges of $310.00, court costs and fees paid to the Clerk of the Porter Superior Court of $229.00, plus interest on the unpaid balance continuing to accrue at the rate of $150.7634 per day, from May 19, 2010 to the date of judgment, totaling $20,956.1126. Additionally, the judgment includes costs, attorney's fees, and all other costs of collection and property preservation incurred from May 19, 2010, to the date of the Marshal's Sale, including court costs, post-judgment interest, post-judgment attorney's fees, and Marshal Sale costs, all without relief from valuation or appraisal laws.

Centier Bank is also granted a Judgment and Decree of Foreclosure:

(1) declaring its mortgages on the subject real properties to be a first priority lien against the

real estate and improvements more particularly

described as follows:

Lot 1 in Portage Minor Sub 822-D-1, as per plat thereof, recorded in Plat File 41-B-2, as Document No. 2001-029249 in the Office of the Recorder of Porter County, Indiana, EXCEPTING THEREFROM that part of said Lot 1 lying within the tract described below:

Lot 2 in Portage Minor Sub 822-D-1, as per plat thereof, recorded in Plat File 41-B-2, as Document No. 2001-029249in the Office of the Recorder of Porter County, Indiana, EXCEPTING THEREFROM that part of said Lot 2 lying within the tract described below:

BEGINNING at the Southwest corner of said Lot 1; thence North 0 degrees 28 minutes 59 seconds West 2.621 meters (8.60 feet), along the West line of said Lot 1; thence Easterly 74.649 meters (244.91 feet), along an arc to the left and having a radius of 36,083.114 meters (118,382.92 feet) and subtended by a long chord having a bearing of South 89 degrees 10 minutes 18 seconds East and a length of 74.649 meters (244.91 feet); thence North 46 degrees 10 minutes 02 seconds East 18.015 meters (59.11 feet); thence North 0 degrees 30 minutes 03 seconds West 76.060 meters (249.54 feet) to the North line of said Lot 2; thence South 89 degrees 11 minutes 06 seconds East 3.758 meters (12.33 feet), along the North line, to the Northeast corner of said Lot 2; thence South 0 degrees 30 minutes 19 seconds East 85.213 meters (279.57 feet), along the East line of said Lot 2, to a corner of said Lot 2; thence, along a Southeastern line of said Lot 2, Southwesterly 9.725 meters (31.91 feet), along an arc to the right and having a radius of 6.096 meters (20.00 feet) and subtended by a long chord having a bearing of South 45 degrees 11 minutes 48 seconds West and a length of 8.726 meters (28.63 feet), to a corner of said Lot

2; thence North 89 degrees 06 minutes 04 seconds West 85.278 meters (279.78 feet), along the South line of said Lots 1 and 2, to the point of beginning.

(hereinafter referred to as the "Mortgaged Property")

(2) foreclosing the equity of redemption in connection with the Mortgaged Property of Travis E. Huber, Jennifer L. Huber, Huber Automotive Group, LLC, the United States of America, and the United States Small Business Administration, and all persons claiming from, under or through them, upon expiration of the applicable redemption period;

(3) ordering the United States Marshal for the Northern District of Indiana to sell the Mortgaged Property to satisfy the sums due and owing to the plaintiff pursuant to this judgment as soon as said sale can be had under the laws of the State of Indiana;

(4) ordering the United States Marshal for the Northern District of Indiana or his/her representative to accept notice of cancellation from the plaintiff prior to the time of the scheduled sale without further order of court;

(5) instructing the United States Marshal for the Northern District of Indiana, after the court's confirmation of sale, to issue a proper Marshal's Deed or Deeds to the purchaser(s) at said sale provided however that the interest acquired by said purchaser(s) shall be subject to the right of redemption granted to the United States of America pursuant to 28 U.S.C. §2410(g) and any lien of Porter County, Indiana, for real property taxes in connection with said Mortgaged Property;

(6) authorizing plaintiff to bid for the Mortgaged Property or any part thereof with the indebtedness due, pursuant to this judgment, said indebtedness to be credited to the bid of the plaintiff;

(7) declaring the sale to be conducted without relief from valuation and appraisement laws;

(8) ordering that the proceeds generated from said sale be distributed pursuant to Indiana Code §32-30-10-14, first, to the costs and accruing costs herein, second, to the plaintiff to satisfy the sums due and owing pursuant to this judgment, and if any proceeds remain, to the Clerk of the Court

to be disposed of as the court shall thereafter
direct.

It is further ordered that in the event the proceeds generated from the United States Marshal's Sale are insufficient to satisfy plaintiff's judgment so that a deficiency exists, then the plaintiff shall have a personal money judgment against Travis E. Huber, Jennifer L. Huber, and Huber Automotive Group, LLC in the sum of the deficiency.

The purchaser or purchasers at said sale shall be entitled to receive the deed to said real estate from the United States Marshal upon confirmation of said sale by the court; and said deed or conveyance shall forever bar and foreclose all of the right, title and interest of the defendants, namely, Travis E. Huber, Jennifer L. Huber, and Huber Automotive Group, LLC, and of all persons claiming by, under or through them in and to the Mortgaged Property.  In addition to issuing a deed of conveyance to the purchaser(s), the United States Marshal, following court confirmation of the sale, shall if required by state law provide the purchaser(s) with an appropriately completed Sales Disclosure Form.  For the purpose of completing said disclosure form, the United States Marshal shall be deemed the "seller" of the Mortgaged Property.  Upon execution by the United States Marshal of a deed of conveyance to the Mortgaged Property sold hereunder, if

11

not previously redeemed by the person or persons entitled thereto, any person who may be in possession of the Mortgaged Property, or any part thereof, upon demand and exhibition of said Marshal's Deed, or a true copy thereof, shall forthwith surrender the Mortgaged Property to the holder of such deed, and in the event such person so in possession of the Mortgaged Property shall refuse to fully and peacefully surrender possession of the Mortgaged Property, the United States Marshal for the Northern District of Indiana or the Sheriff of Porter County, Indiana, shall forthwith vacate the Mortgaged Property and give full and peaceful possession thereof to the purchaser(s) under said Marshal's Sale; and

IT IS FURTHER ORDERED by the court that a duly certified copy of this Judgment and Decree of Foreclosure, under the hand of the Clerk and seal of this court, shall be sufficient authority to the United States Marshal for the Northern District of Indiana or Porter County Sheriff to execute same without further order of this court.

A personal money judgment order is also entered against Travis Huber, Jennifer Huber, and Huber Automotive Group, LLC, in favor of the SBA as assignee of the Notes and Guaranties executed by the defendants and delivered to Regional Development Company in the amount of $361,355.42, which sum consists of the outstand-

ing principal balance of $354,841.67, accrued interest and late charges as of October 5, 2010, calculated at a rate of $52.11 per diem, plus the costs of this action.

ENTERED this 5th day of October, 2010

                                      s/ Andrew P. Rodovich
                                          United States Magistrate Judge